UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                                       Chapter 7

BENJAMINI BENI,

                                                       Case No. 18-42723-nhl

            Debtor.
---------------------------------------------------------X

## ORDER FOR THE RETENTION OF PERSONAL INJURY <u>MEDICAL MALPRACTICE COUNSEL FOR THE TRUSTEE</u>

Upon the Application, dated July 30, 2020, of Richard J. McCord, the Chapter 7 Trustee (the "Trustee"), seeking an Order authorizing the Trustee to retain Earle F. Weprin, Esq., as personal injury malpractice counsel to the Trustee, under a sliding scale medical malpractice retainer (copy annexed as Exhibit "B" to the Application), in the pending Personal Injury Medical Malpractice action ("Pending Litigation"); and upon the Affirmation of Earle F. Weprin, Esq. dated June 10, 2020; and it satisfactorily appearing that Earle F. Weprin, Esq., represents no interest adverse to the Estate of the above-captioned debtor, Benjamini Beni (the "Debtor"), in the matter upon which said attorneys are to be engaged and that the employment of said attorneys would be in the best interest of the Estate herein; it is the

**FINDING** of this Court that Earle F. Weprin, Esq., does not hold or represent an interest adverse to the Estate; and it is therefore

**ORDERED**, that pursuant to 11 U.S.C. § 327(e), Richard J. McCord, be and he hereby is, authorized to retain Earle F. Weprin, Esq., under a sliding scale medical malpractice retainer, to act as the Trustee's Personal Injury Medical Malpractice Counsel to handle and conclude the Pending Litigation involving damages sustained by the Debtor,; and it is further

1

**ORDERED**, that prior to any increases in Earle F. Weprin, Esq.'s rates for any individual employed by Earle F. Weprin, Esq., and providing services in this case, Earle F. Weprin, Esq. shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the U.S. Trustee and any parties in interest that have filed a notice of appearance with request for notices. The supplemental affidavit shall explain the basis for the rate increases in accordance with § 330(a)(3)(F) of the Bankruptcy Code. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code; and it is further

**ORDERED**, that Earle F. Weprin, Esq., will not receive any fees in this matter until after making the proper application to this Court pursuant to § 330 of the Bankruptcy Code and obtaining an Order of this Court awarding fees and expenses to Earle F. Weprin, Esq.; and it is further

**ORDERED**, that any settlement of the Debtor's Pending Litigation shall be subject to the Trustee's written consent and the approval of this Court upon proper application; and it is further

**ORDERED**, that upon settlement or other liquidation of the claims being prosecuted in this action, the gross proceeds from said settlement or other liquidation shall be turned over to the Trustee; and it is further

**ORDERED**, that every ninety (90) days following the date of this Order, Earle F. Weprin, Esq., shall report to the Chapter 7 Trustee and to the Trustee's satisfaction by letter regarding the status of the action; and it is further

**ORDERED**, that Earle F. Weprin, Esq., shall within 30 days of the entry of this Order, make a motion in the court in which the Pending Litigation is pending to substitute the Trustee,

Richard J. McCord, as the successor in interest to the Debtor in the Pending Litigation so that the caption shall identify the Plaintiff as "Richard J. McCord, as Trustee of the Estate of Benjamini Beni," and that Earle F. Weprin, Esq. shall provide the Trustee with a copy of said application; and it is further

**ORDERED**, that any application for compensation and reimbursement of expenses, filed by Earle F. Weprin, Esq. shall be in accordance with the applicable provisions of the Bankruptcy Code, Federal Bankruptcy Rules, and Local Bankruptcy Rules, including but not limited to, provisions relating to the keeping of accurate time and disbursement records.

**NO OBJECTION**
UNITED STATES TRUSTEE

By:    */s/ Reema Lateef, Esq.*

Dated: New York, New York
       December 9, 2020

**SO ORDERED**:



Dated: December 18, 2020
       Brooklyn, New York

**Nancy Hershey Lord**
**United States Bankruptcy Judge**